[Cite as *State v. DeJesus*, 2015-Ohio-4111.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-4 |
| | : | |
| v. | : | T.C. NO. 13CR563 |
| | : | |
| JOHN P. DeJESUS, JR. | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

# O P I N I O N

Rendered on the ___2nd___ day of ___October___, 2015.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty, Reg. No. 0074332, Assistant Prosecuting Attorney, 55 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, Atty. Reg. No. 0088722, 200 W. Main Street, Eaton, Ohio 45320
        Attorney for Defendant-Appellant

JOHN P. DeJESUS, JR., Inmate #712775, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} On October 18, 2013, DeJesus was indicted for one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree. At his arraignment on November 22, 2013, DeJesus pled not guilty to the charged offense.

{¶ 2} DeJesus filed a motion to suppress in which he sought to exclude any incriminating statements he made to the police upon being arrested. However, on March 17, 2014, DeJesus withdrew his motion to suppress.

{¶ 3} Thereafter, on October 2, 2014, DeJesus withdrew his plea of not guilty and entered a guilty plea to one count of domestic violence. In exchange for his plea, the State agreed to reduce the degree of the offense from third degree felony to a felony of the fourth degree.

{¶ 4} On November 19, 2014, DeJesus orally informed the trial court that he wanted to withdraw his guilty plea. The trial court subsequently permitted DeJesus' counsel to withdraw, and new counsel was appointed to represent him. After a hearing held on January 23, 2015, the trial court denied DeJesus' motion to withdraw his guilty plea in a judgment entry issued on January 26, 2015. DeJesus was sentenced to eighteen months in prison. The trial court also imposed an optional period of post-release control of up to three years and ordered him to pay the costs of the proceeding.

{¶ 5} DeJesus filed a timely notice of appeal with this Court on January 30, 2015, and counsel was appointed to prosecute this appeal. On June 12, 2015, appointed counsel filed an *Anders* brief, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein counsel argued that there were no meritorious issues to present on appeal. By magistrate's order on June 24, 2015, this Court advised DeJesus that an *Anders* brief had been filed by his counsel and of the significance of an *Anders* brief. DeJesus was granted sixty days from June 24, 2015, to file a pro se brief assigning error for an independent review by this court. DeJesus has filed nothing with this court. After a thorough review of the record, this Court agrees that the trial court's

proceedings were proper, and we affirm the trial court's judgment.

{¶ 6} Although appointed counsel represents that he can identify no arguably meritorious issues to present on appeal, he nevertheless identifies two potential assignments of error. The first potential assignment is as follows:

{¶ 7} "THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S GUILTY PLEA ON THE BASIS OF HIS ADMISSION WHERE SUCH AN ADMISSION WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY AND THEREBY VIOLATED HIS RIGHTS AFFORDED HIM UNDER THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF OHIO."

{¶ 8} In his first potential assignment, appointed counsel argues that DeJesus' guilty plea was not made in a knowing, voluntary, and intelligent fashion.

{¶ 9} In order to satisfy the requirements of due process, a guilty plea must be knowingly, intelligently, and voluntarily made. *Boykin v. Alabama,* 395 U.S. 238, 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea must be made with a full understanding of its consequences. *State v. Bowen,* 52 Ohio St.2d 27, 28, 368 N.E.2d 843 (1977). Before accepting a guilty plea, a trial court must substantially comply with the requirements of Crim.R. 11. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart,* 51 Ohio St.2d 86, 92–93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero,* at 108. Here, the trial court did substantially comply with Crim.R. 11 during DeJesus' plea hearing.

{¶ 10} The trial court informed DeJesus of the facts underlying the charges against

him, the maximum sentence that he faced, and the constitutional rights that he waived by foregoing a trial. Prior to accepting the plea, the trial court asked DeJesus whether he understood what he was doing, whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. DeJesus responded to all of these questions in the affirmative. DeJesus acknowledged that he had discussed his case with his attorney, including the elements of the offenses with which he was charged and his potential defenses. DeJesus stated that his attorney had gone over the plea forms with him and that he was satisfied with his attorney's representation.

{¶ 11} Upon review, we conclude that the record reflects that DeJesus knowingly, intelligently, and voluntarily entered into the plea agreement, which provided a significant benefit to him insofar as the domestic violence count was reduced from a third degree felony to a felony of the fourth degree.

{¶ 12} Accordingly, DeJesus' first potential assignment of error is without merit.

{¶ 13} DeJesus' second potential assignment of error is as follows:

{¶ 14} "THE TRIAL COURT ERRED BY DENYING MR. DEJESUS'S MOTION TO VACATE PLEA."

{¶ 15} In his second potential assignment, DeJesus argues that the trial court erred when it denied his pre-sentence motion to withdraw his guilty plea.

{¶ 16} As this Court has previously noted:

* * * Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of

conviction and permit the defendant to withdraw his or her plea." Under the foregoing rule, a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion. *Id.* The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate,* 2d Dist. Montgomery No. 21574, 2007–Ohio–26, ¶ 10.

\*\*\*

But even under the more lenient pre-sentence standard, "a defendant must show a reasonable and legitimate basis for the withdrawal of the plea." \* \* \* "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. \* \* \* Likewise, a trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to review for an abuse of discretion. *Fugate,* at ¶ 10.

*State v. Simpson,* 2d Dist. Montgomery No. 24266, 2011–Ohio–6181, ¶ 7, 10.

{¶ 17} "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990); *Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012–Ohio–4621, ¶ 7.

{¶ 18} As this Court has noted:

A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*State v. Askew,* 2d Dist. Montgomery No. 20110, 2005–Ohio–4026, ¶ 8.

{¶ 19} Further, this Court in *Askew* noted as follows:

When conducting the hearing on the motion to withdraw, the trial court may consider: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw, * * * (5) whether the timing of the motion was reasonable; (6) the reasons for the motion; (7) whether the defendant understood the nature of the charges and potential sentences, and (8) whether the accused was perhaps not guilty or had a complete defense to the charge."

*Askew,* at ¶ 11, quoting *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000).

{¶ 20} Under the more lenient pre-sentence standard, a defendant must show "there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus. A trial court that denies a

pre-sentence motion to withdraw a guilty plea does not abuse its discretion where the only reason given by the defendant is a change of heart. *State v. Cohen,* 2d Dist. Montgomery No. 25376, 2013–Ohio–2928, ¶ 15; *Sylvester,* 2d Dist. Montgomery No. 22289, 2008–Ohio–2901 at ¶ 11; *State v. Thomas,* 2d Dist. Greene No. 2006 CA 57, 2007–Ohio–443, ¶ 11.

{¶ 21} Recently, in *State v. Spurgeon*, 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849, we addressed a similar situation to the case at bar. In *Spurgeon*, we found that although the appellant's pre-sentence motions to withdraw his guilty plea claimed that he was perhaps not guilty or had a complete defense to the charges, he possessed such knowledge prior to entering the guilty plea and had discussed the issue with his attorney. *Id.* at ¶ 19. Denial of a pre-sentence motion to withdraw a guilty plea was found not to be an abuse of discretion where the motion was based upon a complete defense that the defendant was aware of when he entered the plea. *Id.* at ¶ 18, citing *State v. Littlefield,* 4th Dist. Ross No. 03CA2747, 2004–Ohio–5996. Upon review, we found that the reason behind appellant's motion to withdraw was a mere change of heart, which is an insufficient basis to permit the withdrawal of a guilty plea. *Spurgeon*, at ¶ 19. Thus, we found that the trial court did not err when it denied appellant's pre-sentence motions to withdraw his guilty plea.

{¶ 22} In the instant case, DeJesus argued in his motion to withdraw his guilty plea that a cell phone video existed that would exonerate him of the domestic violence charge. Upon inquiry, however, the trial court found that DeJesus was aware of the existence of the video and had discussed it with trial counsel prior to entering his guilty plea. Furthermore, nothing in the record suggests the video is anything but incriminating, as it

was provided to the police as evidence of a beating. Citing directly to our decision in *Spurgeon*, the trial court found that the cell phone video was, therefore, not new evidence and could not be relied upon as a basis upon which to withdraw his plea.

**{¶ 23}** Additionally, DeJesus informed the court that he had talked with his attorney about the nature of the charges and potential defenses that might be available and he was completely satisfied with his attorney. Change of Plea Trans. (October 2, 2014), p. 8 – 9. DeJesus acknowledged that he understood that if he pled guilty to these offenses he was making a complete admission that he committed the allegations contained in the charges. *Id.*, at 15. DeJesus also affirmatively answered that he understood that if he entered a plea of guilty the court may enter judgment of guilt against him and proceed to sentencing in accordance with law. *Id.* Under such circumstances, the trial court reasonably found that DeJesus merely had a change of heart. Accordingly, the trial court did not abuse its discretion when it denied DeJesus' motion to withdraw his guilty plea.

**{¶ 24}** DeJesus' second potential assignment of error is without merit.

**{¶ 25}** Additionally, in the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we have found no additional potential assignments of error having arguable merit. Since this appeal is wholly frivolous, it is dismissed. The judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Brian A. Muenchenbach
John P. DeJesus, Jr.
Hon. Michael A. Buckwalter