[Cite as *State v. Massey*, 2015-Ohio-4711.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-1 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CR-170 |
| v. | : | |
| | : | (Criminal Appeal from |
| DAVID W. MASSEY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of November, 2015.

. . . . . . . . . . .

KEVIN S. TALEBI, by WESLEY E. SOMOGY, Atty. Reg. No. 0069198, Champaign County
Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorneys for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, Post Office Box 137, Germantown, Ohio 45327
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant David W. Massey appeals from his conviction for Theft,

contending that the trial court erred in overruling his motion to withdraw his guilty plea. The State

argues that Massey provided no legitimate reason for seeking to withdraw his plea. We conclude that the trial court did not abuse its discretion in overruling the motion. Therefore, the judgment is Affirmed.

## I. A Cornfield Car Rescue Leads to Theft Charges

{¶ 2} Shortly before the incident which lead to the theft charge, Massey moved to Ohio to live with his sister, who was being treated for terminal cancer. His sister was married to Charles Alexander. Alexander's friend, Rickey Johnson, asked for Alexander's assistance after a car accident. Johnson's car was stuck in a cornfield, so Alexander asked Massey to go with him to help. The three men tried for several hours to pull or push the car out of the cornfield, without success. Then one or more of the men looked in the nearest barn for something they could use to help, and decided to borrow a John Deere Tractor. Using the tractor, the car was pushed out of the cornfield. Returning to the barn, one or more of the three men decided to steal several items from the barn, including a log splitter, a wood maul, a hitch receiver with ball, an aluminum ladder, a battery charger and an air compressor.

{¶ 3} Initially, Massey admitted that he stole the items from the barn and took them to Dayton to sell them. Massey made this admission in writing, at the request of the police, and again to a probation officer. Later, Massey changed his story, claiming that Alexander stole the items from the barn, and asked Massey to take the rap for him because Alexander had previously served time in jail, and another incarceration would result in losing custody of his young son. Massey claims that he was just trying to be a nice guy, that Alexander "pulled on his heart strings," and that he wanted to help out Alexander's kids. Massey said that he changed his decision to help out Alexander when he found out that Alexander did not have custody of his kids, and had lied to get

him to admit to the theft. Additionally, Massey claimed that Johnson also asked him to take the rap for Alexander. However, Johnson did not corroborate Massey's claims. Johnson testified that Massey admitted to stealing the items from the barn, although Johnson said that he did not personally see the theft.

## II. The Course of Proceedings

{¶ 4} Massey was indicted on one count of Theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1), and one count of Breaking and Entering, a felony of the fifth degree in violation of R.C. 2911.13(A). The State agreed to dismiss the Breaking and Entering charge in exchange for a plea on the Theft charge. The State also agreed to recommend community control under certain conditions. The trial court conducted a thorough plea hearing, verifying that Massey understood that his guilty plea would be a complete admission of guilt, and that he would be giving up his rights, including the right to make the State prove his guilt beyond a reasonable doubt. Shortly after the plea hearing, Massey was interviewed for a pre-sentence investigation, and again admitted to committing the theft offense.

{¶ 5} Five weeks after the plea hearing, and two weeks before the sentencing hearing, Massey moved to withdraw his plea. The hearing set for sentencing was changed to a hearing on the motion to withdraw. Massey was the only person to testify at that hearing. For the first time, Massey asserted his innocence. Massey insisted that Johnson would corroborate his facts, and the court agreed to set the matter for a sentencing hearing, at which it would accept testimony from Johnson, if he showed up.

{¶ 6} A few days before the sentencing hearing, the trial court issued a written decision overruling the motion to withdraw the plea. In the decision, the court reviewed the law, the facts

and specifically addressed nine factors, concluding that Massey failed to demonstrate that he had a reasonable basis for withdrawing his plea. The court further found that Massey's claim of innocence was not based on new facts, and that the only thing that had changed was his reason or motivation for entering his plea of guilty. The trial court found that Massey was represented by competent counsel, and was not misled into entering a plea. The trial court concluded that Massey's motivation for changing his plea was a change of heart, rather than a legally justifiable reason.

{¶ 7} Johnson did appear for Massey's sentencing hearing; he was incarcerated at the time for another offense. After hearing Johnson's testimony, which not only did not corroborate Massey's claim of innocence, but actually inculpated Massey, the trial court stated on the record that the motion to withdraw the plea was overruled. The trial court sentenced Johnson to community control for a period of two years, a fine of $200, and restitution to the victim in the sum of $500.

{¶ 8} From the judgment of conviction, Massey appeals.

### III. The Trial Court Did Not Abuse its Discretion by Overruling the Motion to Withdraw the Plea

{¶ 9} For his sole assignment of error, Massey asserts as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PLEA

{¶ 10} We recently reviewed the law applicable to the review of rulings on motions to withdraw pleas:

Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under the foregoing rule, a pre-sentence motion to vacate a guilty plea "should be freely and liberally granted." *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Nevertheless, even under the pre-sentence standard, the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion. *Id.* The pre-sentence standard, however, is far more lenient than the "manifest injustice" standard applicable to post-sentence motions. *State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 10.

* * *

But even under the more lenient pre-sentence standard, "a defendant must show a reasonable and legitimate basis for the withdrawal of the plea." * * * "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. * * * Likewise, a trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to review for an abuse of discretion. *Fugate*, at ¶ 10.

*State v. DeJesus*, 2d Dist. Greene No. 2015-CA-4, 2015-Ohio-4111, ¶ 16, quoting *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 7, 10.

**{¶ 11}** In evaluating whether a trial court has abused its discretion in overruling a motion to withdraw a plea, we have reviewed the following nine factors set forth in *State v. Fish*, 104 Ohio App. 3d 236, 240, 661 N.E. 2d 788 (1st Dist. 1995):

(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

*State v. Young*, 2d Dist. Greene No. 2003 CA 89, 2004-Ohio-5794, ¶ 11. *See also State v. Spurgeon*, 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849, ¶¶ 15-16; *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404; *State v. Berry,* 2d Dist. Greene No. 2013-CA-34, 2014-Ohio-132 at ¶ 33, quoting *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 18. Consideration of the foregoing factors involves a balancing test, and no single factor is dispositive. *Preston* at ¶ 20.

{¶ 12} In the case before us, the trial court separately reviewed all nine factors set forth in *State v. Fish*, *supra*, and concluded that Massey was represented by competent counsel, Massey had an extensive plea hearing, was afforded the opportunity to present any testimony or evidence, and had a sufficient understanding of the nature of the charges and potential penalties. The trial court acknowledged that it gave Massey a full and fair consideration of the motion to withdraw by conducting a hearing, asking questions, allowing Massey to testify and granting him more time to present the testimony of a witness. However, the witness, Johnson, did not corroborate Massey's claims. The court also concluded that the timing of the motion was not unreasonable, and that the

State would not be unfairly prejudiced by the withdrawal. The court fully examined the factual basis for Massey's claim of innocence, his motivation for the plea and the decision to change his plea, concluding that it was not based on new information or new evidence. Based on all the considerations, the court concluded that Massey's motivation to withdraw his plea was a change of heart rather than a legally justifiable reason.

{¶ 13} Giving deference to the trial court's findings of fact, we agree that the record supports the trial court's conclusions. We conclude that the trial court did not abuse its discretion in overruling the motion to withdraw. Therefore, the sole assignment of error is overruled.

### III. Conclusion

{¶ 14} The sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Kevin S. Talebi
Wesley E. Somogy
Kirsten Knight
Hon. Nick Selvaggio