[Cite as *State v. Bush*, 2016-Ohio-5536.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 2015-CA-39 / |
| Plaintiff-Appellee | : | 2015-CA-40 / 2015-CA-41 / 2015-CA- |
| | : | 42 |
| v. | : | |
| | : | Trial Court Case Nos. 13-CR-718 / |
| ARIEL BUSH | : | 14-CR-19 / 14-CR-12 / 14-CR-152 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2016.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ROBERT K. HENDRIX, Atty. Reg. No. 0037351, Peterson and Peterson, 87 South Progress Drive, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

        {¶ 1} Defendant-appellant Ariel Bush appeals from his conviction and sentence for

three counts of Violating a Protection Order, one count of Domestic Violence, one count

of Possession of Cocaine and one count of misdemeanor Assault. Bush contends that the trial court abused its discretion by failing to hold a hearing on his pre-sentence request to withdraw his guilty plea. The State contends that Bush was given an immediate hearing at the time he made the request to withdraw his plea during the sentencing hearing.

{¶ 2} We agree that under the facts presented in this case, Bush was entitled to a hearing on the request to withdraw his plea, and we conclude that the sentencing hearing did not meet the requirements of due process required for consideration of his request. Therefore, the judgment of the trial court is Reversed, and this cause is Remanded for the trial court to conduct a hearing on Bush's motion to withdraw his plea.

## I. The Course of Proceedings

{¶ 3} In Case No. 13-CR-718, Bush was indicted on one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A). In Case No. 14-CR-12, Bush was indicted on one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A), one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A), one count of Trafficking in Cocaine, in violation of R.C. 2925.03(A)(2), one count of Possession of Cocaine, a felony of the fourth degree, in violation of R.C. 2925.11(A), two counts of Violating a Protection Order, felonies of the fifth degree, in violation of R.C. 2919.27(A)(1), and one count of Menacing by Stalking, a felony of the fourth degree, in violation of R.C. 2903.211(A)(1). In Case No. 14-CR-19, Bush was indicted on one count of Violating a Protection Order, a felony of the fifth degree, in violation of R.C. 2919.27(A)(1). In Case No. 14-CR-83, Bush was indicted on one count of Violating a Protection Order, a felony of the fifth degree, in

violation of R.C. 2919.27(A)(1). In Case No. 14-CR-152, Bush was indicted on one count of Violating a Protection Order, a felony of the fifth degree, in violation of R.C. 2919.27(A)(1). All cases were consolidated for trial.

{¶ 4} Pursuant to a plea agreement, the charge in 13-CR-718 was reduced to misdemeanor Assault, counts one, three, six and seven in 14-CR-12 were dismissed, and the one count in Case No. 14-CR-83 was dismissed. Bush entered a plea of guilty to the remaining three counts in Case No. 14-CR-12, and to the counts in 14-CR-19 and 14-CR-152.   At the plea hearing, the trial court accepted the plea, found Bush guilty of each offense to which the guilty plea was entered, and set the matter for sentencing.

{¶ 5}  Bush did not appear for the sentencing hearing, and a capias was issued for his arrest. Five months later, Bush was apprehended in the State of Maryland and returned to Ohio for sentencing.   At the sentencing hearing, defense counsel advised the court that his client wanted to discharge him and have a public defender appointed to pursue a motion to withdraw his plea in three of the four cases.   Before Bush was given an opportunity to testify or speak, the trial court denied the request. T. at pg. 9. When the court asked Bush if he had anything to say before sentencing, Bush explained that the reason for his desire to withdraw the plea was his belief that the victim of some of the offenses had changed her story and that he had other information about the offense that would provide a defense.   He also stated that he had paperwork to prove everything, but no documents were entered into evidence, and no witnesses were called. The trial court stated that the request to withdraw his plea was not well-taken. T. at pg. 11.

{¶ 6} Bush was sentenced to serve six months in prison for the misdemeanor Assault charge in Case No. 13-CR-718, to be served concurrently with all other

sentences. In Case No. 14-CR-12, Bush was sentenced to eighteen months in prison for count two (Domestic Violence), eighteen months for count four (Possession of Cocaine), and twelve months for count five (Violating a Protection Order). In Case No. 14-CR-19, Bush was sentenced to serve 12 months in prison for one count of Violating a Protection Order, and 12 months for another charge of Violating a Protection Order in Case No. 14-CR-152. The prison sentences imposed in 14-CR-12, 14-CR-19 and 14-CR-152 were ordered to be served consecutively, for a total prison term of six years.

{¶ 7} From the judgment of the trial court, Bush appeals.

## II. Standard of Review

{¶ 8} The only issue raised by Bush involves the trial court's decision to overrule a motion to withdraw his guilty plea, without a hearing. We review the trial court's ruling on a pre-sentence motion to withdraw a plea for an abuse of discretion. *State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 28, citing *State v. Massey,* 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 10; *State v. DeJesus,* 2d Dist. Greene No. 2015-CA-4, 2015-Ohio-4111, ¶ 16.

{¶ 9} We have held that a trial court abuses its discretion when the court exercises its discretion in a manner that is grossly unsound, unreasonable, illegal, or unsupported by the evidence. *State v. Woods*, 2d Dist. Clark No. 2015-CA-75, 2016-Ohio-1103, ¶ 10. "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban*

*Redevelopment Corp.,* 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

### III. Trial Court Abused its Discretion by Failing to Conduct a Hearing on the Motion to Withdraw a Plea

{¶ 10} For his sole assignment of error, Bush raises the following issue for review:

WHERE A DEFENDANT, PRIOR TO SENTENCING INDICATES TO THE TRIAL COURT, THROUGH COUNSEL, A DESIRE TO WITHDRAW HIS GUILTY PLEA, IS THE TRIAL COURT REQUIRED TO HOLD A HEARING TO DETERMINE WHETHER THERE IS A LEGITIMATE BASIS FOR THE MOTION TO WITHDRAW?

{¶ 11} In evaluating whether a trial court has abused its discretion in overruling a motion to withdraw a plea, we have reviewed the following nine factors set forth in *State v. Fish,* 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995):

(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea. *Massey* at ¶ 11; *State v. Young,* 2d Dist. Greene No. 2003 CA 89, 2004-Ohio-5794,

¶ 11

In considering these factors, the trial court employs a balancing test; no single factor is dispositive. *State v. Preston,* 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. The ultimate question for the trial court is whether there is a "reasonable and legitimate basis for the withdrawal of the plea." [*State v.*] *Xie,* 62 Ohio St.3d [521, 527, 584 N.E.2d 715 (1992)]. We have repeatedly stated that a "change of heart" is an insufficient justification for the withdrawal of a plea. *E.g., Massey* at ¶ 10; *DeJesus* at ¶ 16; *State v. Oglesby,* 2d Dist. Montgomery No. 26251, 2015-Ohio-2557, ¶ 14; *State v. Spurgeon,* 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849.

*State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶¶ 29-30.

{¶ 12} Bush argues that the trial court abused its discretion by failing to conduct a hearing on his motion to withdraw his plea. The State argues that a hearing was conducted at the time the motion was made, prior to sentencing. Since the ultimate question is whether Bush has a "reasonable and legitimate basis" to withdraw his plea, other than a change of heart, we examine the record made at the sentencing hearing to determine if Bush was given an adequate opportunity to establish the factual basis for his motion. Although Bush was given an opportunity to explain the basis for his motion, he was not provided the opportunity to give sworn testimony, and neither defense counsel nor the prosecutor was given any opportunity to present evidence. Bush referred to documents as evidence for his position, but he was not given the opportunity to present any documentary evidence. "It is axiomatic that such hearing must comport with the minimum standards of due process, i.e., meaningful notice and an opportunity to be

heard." *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 24, citing *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

{¶ 13}   Bush's factual assertions focused on one of the victim's alleged recantation of certain facts she had alleged concerning the domestic dispute, but Bush was not given any opportunity to call any witnesses to develop or verify his factual allegations. Although it is not clear whether his factual allegations would provide Bush with a valid defense to the charges, this lack of clarity is the very reason why a full evidentiary hearing was necessary. On this record, it is not possible for us to determine whether the reason for Bush's desire to withdraw his plea was merely a change of heart, or based on a reevaluation of available valid defenses because of a change in witness testimony.

{¶ 14} Accordingly, we find that the trial court abused its discretion by failing to postpone the sentencing hearing and to set the request to withdraw the plea for an evidentiary hearing prior to sentencing. Bush's sole assignment of error is sustained.

## IV. Conclusion

{¶ 15} Bush's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for an evidentiary hearing on Bush's motion to withdraw his plea.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Megan M. Farley
Robert K. Hendrix
Hon. Richard J. O'Neill