[Cite as *State v. Miller*, 2021-Ohio-2606.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29039 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-2105 |
| | : | |
| CHARLES MILLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of July, 2021.

. . . . . . . . . .

MATHIAS H. HECK, JR. by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Defendant-Appellant Charles Miller appeals from his conviction following his guilty plea to burglary and felonious assault. He claims that the court erred in denying his pre-sentence motion to withdraw his guilty plea. For the reasons that follow, the trial court's judgment will be affirmed.

## I.        Facts and Procedural History

**{¶ 2}** In July 2020, Miller was indicted on one count of burglary and two counts of felonious assault. After several months of negotiations, the parties agreed that Miller would plead guilty to burglary and one count of felonious assault; in exchange, the State would dismiss the remaining felonious assault charge and agree to recommend a four-year prison term.

**{¶ 3}** On November 10, 2020, after being granted additional time to consider the plea offer, Miller pleaded guilty to Count 1 (burglary) and Count 3 (felonious assault-serious physical harm). Per the agreement, the State dismissed the other felonious assault count and recommended a term of imprisonment of four years. The court made it clear that it would be imposing the agreed upon sentence as it fit within the structure of the Reagan Tokes Act.

**{¶ 4}** Miller appeared for disposition on November 17, 2020, at which time he informed the court that he wished to withdraw his guilty plea, stating that he was the victim and that he did not do anything wrong. The trial court informed Miller that it would remove his attorney (he was now a witness) and appoint new counsel. The court also announced that it would grant a hearing on the matter.

**{¶ 5}** On January 8, 2021, the court held a hearing (virtually) on Miller's motion to

withdraw his plea. At the hearing, his original counsel testified that after meeting with Miller, he was authorized to negotiate a two-year plea deal with the State. The prosecutor declined the two-year proposal and offered a mandatory four-year term. Counsel testified that he relayed the State's counteroffer, that Miller accepted it, and that he explained the Reagan Tokes Act implications. He further testified that he was unaware of Miller's intention to withdraw his plea until just before the sentencing hearing.

{¶ 6} Miller also testified at the virtual hearing, appearing from jail. He told the court that he was under the impression that he would receive a two-year sentence, and when he heard four years, he "freaked out." Nevertheless, he pleaded guilty, because, he asserted, he wanted to "get it over with." Miller stated:

> I just wanted it over with. I told him that from day one. Get it over with. I just wanted to be done with it. I still just want it to be done with. * * * [G]o ahead and give me four years so I can get it over with, let's just get on with it and get it over with."

Hearing Transcript at p. 56.

{¶ 7} Despite wanting to "get it over with," during direct examination Miller reaffirmed his wish to withdraw his guilty plea and proceed to trial. Details of his past also were elicited during Miller's testimony, including a 1992 motorcycle accident that left him seriously and permanently injured and resulted in a decline in mental aptitude. It was also claimed that Miller acted in self-defense in the present case. During cross-examination, however, Miller admitted that he voluntarily pleaded guilty, knowing that he would receive a four-year sentence, and further testified that he knew he was waiving his right to a jury trial.

{¶ 8} On February 16, 2021, the trial court overruled Miller's motion and sentenced him to a minimum term of four years and a maximum term of six years in prison. In its judgment entry overruling the motion, the court found that the testimony of Miller's original counsel was "highly credible," and in contrast, it found Miller to be not credible. The court stated: "Based upon those credibility determinations, the court finds that Mr. Miller was advised by at least October 27, 2020, that the plea offer was for a term of four years. He had at least two full weeks to evaluate that offer. When he appeared in court on November 10, 2020, the four-year term was not a surprise to Defendant. Defendant made a knowing, voluntary and intelligent plea of guilty to the agreed four-year term of imprisonment." February 23, 2021 Decision, Order and Entry.

{¶ 9} After overruling Miller's motion, the trial court proceeded to disposition and sentenced him to the agreed upon mandatory four-year minimum, six-year maximum term in accordance with the Reagan Tokes Act.

{¶ 10} Miller appeals from his conviction and raises a single assignment of error.

## II.     The court did not abuse its discretion

{¶ 11} Miller argues that the trial court erred when it denied his motion to withdraw his guilty plea.

{¶ 12} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has held that a pre-sentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, withdrawing a pre-sentence plea is not

a given because "a trial court retains discretion to overrule a presentence plea-withdrawal motion." *Id.*

{¶ 13} We review decisions on motions to withdraw a guilty plea for abuse of discretion. *State v. Greenlee*, 2d Dist. Montgomery Nos. 28467, 28468, 2020-Ohio-2957, ¶ 11. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Rather, "a reviewing court should be guided by a presumption that the trial court was correct." *State ex rel. Montgomery v. Pakrats Motorcycle Club, Inc.*, 118 Ohio App.3d 458, 466, 693 N.E.2d 310 (9th Dist.1997).

{¶ 14} When a defendant discovers just-before sentencing the particular sentence a trial court intends to impose, we have held that a pre-sentence motion to vacate his plea generally should be treated as a post-sentence motion. *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 8. "This is so because a defendant cannot test the sentencing waters and then move to vacate his plea just before sentencing if he receives an unpleasant surprise." *Id.*, citing *State v. Wallen*, 2d Dist. Montgomery No. 21688, 2007-Ohio-2129, ¶ 22. We also have noted, however, that this reasoning does not apply to agreed sentences. "Where a sentence is agreed to as part of a plea bargain, and the trial court has indicated that it is joining in the agreement, there has been no 'unpleasant surprise' to the defendant after 'testing the sentencing waters,' which is the rationale for the stricter standard for a post-sentence motion to withdraw a plea." *Id.*

Therefore, when a defendant files a pre-sentence motion to vacate a plea entered as part of a plea deal with an agreed sentence, the motion still should be treated as a pre-sentence motion and judged under the more lenient standard. *Id.*; see also *State v. Williamson*, 2d Dist. Montgomery No. 21965, 2008-Ohio-4727, ¶ 11.

{¶ 15} In evaluating whether a trial court has abused its discretion in overruling a pre-sentence motion to withdraw a plea, we have adopted the nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E. 2d 788 (1st Dist.1995), *overruled on other grounds, State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.); *State v. Candy*, 2d Dist. Miami No. 2019-CA-11, 2020-Ohio-1401, ¶ 12: (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

{¶ 16} Consideration of these factors involves a balancing test and no single factor is dispositive. *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11. In this case, a consideration of the factors leads to the determination that the trial court did not abuse its discretion when it denied Miller's motion.

{¶ 17} As to the first factor, Miller was represented by highly competent counsel. At the time of the motion hearing, his original trial counsel had practiced law for more than

three decades, with extensive experience in criminal defense matters ranging from misdemeanors to murder. The first factor weighs in favor of denial.

{¶ 18} The second factor also militates toward denial because Miller was given a full Crim.R. 11 hearing before the court accepted his plea. And while he, on appeal, claims that he did not fully understand the plea offer, the record belies that assertion. Miller appeared twice before the court for a plea hearing after being granted more time to consider and discuss it with counsel. The court found that he made his plea knowingly, intelligently, and voluntarily. This factor weighs in favor of denial.

{¶ 19} A full hearing with testimony from multiple witnesses (including Miller himself) and closing arguments was held on January 8, 2021. The third factor cuts against Miller.

{¶ 20} The fourth factor, whether the trial court fully considered the motion, also militates against Miller. After having a full hearing on the matter, the court reviewed and considered the evidence. It then published a detailed, three-page decision which analyzed the nine-factor test from *Fish*. This factor also weighs in favor of the motion's denial.

{¶ 21} Factors five (whether the motion was made within a reasonable time) and six (whether the motion sets out specific reasons for the withdrawal) weigh in Miller's favor. Shortly after being appointed, and only a month after he entered his plea, Miller's new counsel filed a motion to withdraw the plea citing specific reasons.

{¶ 22} The seventh factor, whether Miller understood the nature of the charges and possible penalties, is neutral in this case. Miller's attorney elicited testimony at the motion hearing about an accident in 1992 in which Miller suffered severe injuries, including

apparent head trauma. In addition, Miller was sent for a competency evaluation in August 2020. On the other hand, Miller was ultimately found competent to assist in his defense, and the trial court found that he voluntarily entered his plea. This factor weighs neither for nor against denial.

{¶ 23} The eighth factor (whether the accused was not guilty or had a complete defense) weighs in favor of denial. Miller contends that he was stabbed and acted in self-defense, but there is nothing in the record before us that lends any credibility to that claim, and certainly nothing that would demonstrate he would be successful with the affirmative defense. The eighth factor favors affirming the trial court.

{¶ 24} The final factor, whether the State would be prejudiced by the withdrawal of the plea, favors Miller. The State concedes this point.

{¶ 25} We conclude that, on balance, the *Fish* factors weigh in favor of affirming the trial court's decision to deny Miller's motion to withdraw his guilty plea. Ultimately, this appears to be a case of a change of heart; Miller's counsel admitted as much during the closing arguments of the motion hearing when he concluded: "Mr. Miller went back to his jail cell and thought better of it and just thought 'man, I didn't sign up for this; I can't believe I did that.' " Even though pre-sentence motions to withdraw pleas are to be "freely and liberally granted," we cannot say that the trial court abused its discretion in this case.

{¶ 26} The assignment of error is overruled.

### III. Conclusion

{¶ 27} Miller's assignment of error is overruled, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Kirsten Knight
Hon. Mary L. Wiseman