[Cite as *State v. Waters*, 2022-Ohio-3166.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29346 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-2941 |
| | : | |
| ROBERT WATERS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 9th day of September, 2022.

· · · · · · · · · · ·

MATHIAS H. HECK, JR. by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
      Attorney for Defendant-Appellant

· · · · · · · · · · · · ·

LEWIS, J.

{¶ 1} Defendant-Appellant Robert Waters appeals from his conviction in the Montgomery County Court of Common Pleas. Waters contends that the trial court erred by denying his motion to withdraw his guilty pleas. For the reasons that follow, we affirm the judgment of the trial court.

I.       Facts and Course of Proceedings

{¶ 2} On October 12, 2021, Waters was indicted by a Montgomery County grand jury on one count of possession of a fentanyl-related compound, a second-degree felony in violation of R.C. 2925.11(A); one count of endangering children, a first-degree misdemeanor in violation of R.C. 2919.22(A); and one count of possessing drug abuse instruments, a second-degree misdemeanor in violation of R.C. 2925.12(A). These counts involved Waters' alleged actions on May 19, 2021.

{¶ 3} Waters pled not guilty to the three counts and filed a motion to suppress. Waters also filed a motion to be placed on an own recognizance bond with electronic home monitoring during the pendency of the matter. On November 10, 2021, following plea negotiations with the State, Waters pled guilty to one count of possession of a fentanyl-related compound and one count of endangering children. In exchange for his guilty pleas on those two counts, the State dropped the one count of possessing drug abuse instruments and agreed to a two-year prison sentence. During the November 10, 2021 plea hearing, the trial court explained to Waters the effect of his guilty plea and asked several questions of Waters to ensure that Waters' plea was knowing, voluntary, and intelligent. Waters signed the written plea waiver form. At the end of the hearing,

the trial court found Waters guilty on the first two counts of the indictment and scheduled a sentencing hearing for December 9, 2021. Also, the trial court granted Waters' request to be allowed to spend the Thanksgiving holiday with his family subject to electronic home monitoring.

{¶ 4} Waters subsequently cut off his ankle monitor while out on bond. As a result, on December 2, 2021, the trial court issued a capias warrant and revoked Waters' bond. On December 7, 2021, Waters' counsel filed a written motion to withdraw as counsel, at Waters' request. Two days later, the parties appeared before the trial court for the previously-scheduled sentencing hearing. At that time, Waters' counsel orally informed the trial court of his client's request for new counsel. The trial court stated that the sentencing hearing would occur at a later date once new counsel was appointed for Waters.

{¶ 5} Waters was appointed new counsel on December 13, 2021. The sentencing hearing was held on December 20, 2021, with Waters and his newly appointed counsel. At the sentencing hearing, Waters made an oral request to withdraw his guilty pleas. The trial court gave Waters and his counsel an opportunity to be heard on the oral motion and then denied the motion. The trial court sentenced Waters to a definite prison term of two years up to an indefinite, maximum prison term of three years on the one count of possession of a fentanyl-related compound. The trial court also sentenced Waters to 180 days in jail on the child endangering count and to 12 months in prison on each of Waters' three probation violations. The trial court ordered all of these sentences to be served concurrently with each other. Waters filed a timely notice of

appeal from his conviction.

II. The Trial Court Did Not Abuse Its Discretion in Denying Waters' Pre-Sentence, Oral Motion To Withdraw His Plea

{¶ 6} Waters' sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS PLEA.

{¶ 7} We review decisions on motions to withdraw a guilty plea for an abuse of discretion. *State v. Greenlee*, 2d Dist. Montgomery Nos. 28467, 28468, 2020-Ohio-2957, ¶ 11. Abuse of discretion has been defined as an attitude that is "unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 8} Crim.R. 32.1 governs withdrawals of guilty pleas and provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Based on the language of Crim.R. 32.1, differing tests have developed based on whether the motion to withdraw a plea was made before or after sentencing.

{¶ 9} Generally, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a "defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* "Even under the more lenient pre-sentence standard, 'a defendant must show a reasonable and legitimate basis for the withdrawal of the plea.' " *State v. Williamson*, 2d Dist. Montgomery No. 21965, 2008-Ohio-4727, ¶ 13, quoting *Xie* at 527. "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. *Williamson* at ¶ 13.

{¶ 10} If the motion to withdraw a guilty plea was made post-sentence, however, the defendant instead bears the higher burden of establishing a manifest injustice. *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A post-sentence motion to withdraw a guilty plea is allowable only in extraordinary cases. *State v. Kongkeo*, 8th Dist. Cuyahoga No. 96691, 2012-Ohio-356, ¶ 2, citing *Smith* at 264.

{¶ 11} The State contends that Waters' motion was a post-sentence motion and therefore Waters must establish a manifest injustice in order for us to reverse the trial court's denial of Waters' motion. Waters disagrees and contends that his motion should be considered a pre-sentence motion. It is undisputed that Waters' oral motion to withdraw his guilty pleas was made at the beginning of the sentencing hearing, before sentence had been imposed. But that does not necessarily mean that Waters' motion is subject to the more lenient pre-sentence standard.

{¶ 12} In *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, we addressed whether a motion to withdraw guilty pleas should be considered a pre-sentence motion or a post-sentence motion where the defendant had entered guilty pleas in exchange for an agreed sentence and had made the motion before the sentence was actually imposed. We concluded:

> When a defendant discovers before sentencing the particular sentence a trial court intends to impose, we have held that a pre-sentence motion to vacate his plea ordinarily should be treated as a post-sentence motion. This is so because a defendant cannot test the sentencing waters and then move to vacate his plea just before sentencing if he receives an unpleasant surprise. *State v. Wallen*, Montgomery App. No. 21688, 2007-Ohio-2129, ¶ 22. We also have recognized, however, that this reasoning does not apply to agreed sentences. "Where a sentence is agreed to as part of a plea bargain, and the trial court has indicated that it is joining in the agreement, there has been no 'unpleasant surprise' to the defendant after 'testing the sentencing waters,' which is the rationale for the stricter standard for a post-sentence motion to withdraw a plea." *Id.* Therefore, when a defendant files a pre-sentence motion to vacate a plea entered as part of a plea deal with an agreed sentence, the motion still should be treated as a pre-sentence motion and judged under the more lenient standard. *Id.*; *see*, *also*, *State v. Williamson*, Montgomery App. No. 21965, 2008-Ohio-4727, ¶ 11. On the other hand, the fact that the defendant knew

what the ultimate sentence would be may be a factor that the trial court could consider to determine whether the defendant's request to withdraw is simply a change of heart.

When [Defendant] entered his guilty pleas in the present case, the trial court agreed to impose an aggregate sentence of fifteen years to life in prison. Because the trial court agreed to this sentence, [Defendant] certainly knew about it prior to disposition. He could not have been unpleasantly surprised, however, because he had been made aware of the sentence when he entered the guilty pleas. Therefore, [Defendant's] pre-sentence motion to withdraw those pleas must be treated as a pre-sentence motion even though he knew, before disposition, the sentence he would receive.

But even under the more lenient pre-sentence standard, "a defendant must show a reasonable and legitimate basis for the withdrawal of the plea." *Williamson*, at ¶ 13, citing *Xie,* at 525. "A change of heart is not enough," and a trial court's finding regarding a defendant's true motivation is entitled to deference. *Id.* Likewise, a trial court's ultimate decision to grant or deny a pre-sentence motion to withdraw a guilty plea is subject to review for an abuse of discretion. [*State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007-Ohio-26], ¶ 10.

*Simpson* at ¶ 8-10.

**{¶ 13}** Based on our review of the record, we conclude that Waters' oral motion

to withdraw his guilty pleas was a pre-sentence motion. In evaluating whether a trial court has abused its discretion in overruling a pre-sentence motion to withdraw a plea, we review the following nine factors: (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea. *State v. Miller*, 2d Dist. Montgomery No. 29039, 2021-Ohio-2606, ¶ 15. Consideration of these factors involves a balancing test and no single factor is dispositive. *Id.* at ¶ 16, citing *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11.

{¶ 14} Before applying these nine factors, we will review what was said at the beginning of the sentencing hearing. The following exchange occurred when the trial court was prepared to impose sentence:

[DEFENSE COUNSEL] PINARD: * * * I would want to make a record on behalf of Mr. Waters. (Indiscernible) I'm not privy to the conversations that occurred prior to my being his counsel, but he has represented to me, with regards to this offense, obviously that up to a Fentanyl offense has the mandatory association with it. By mandatory, meaning it cannot be

reduced.

And my client's indicating to me, and again I'm not privy to those conversations. I have no reason to doubt his veracity. That he was not aware that the term was going to be mandatory on this particular circumstance. I think what he's asking for at this time is to withdraw the plea, and that he could receive a sentence that would have an opportunity, and he's talked to me about potentially a halfway house.

If the Court were to grant that, I'd be more than happy to represent him with regards to, I guess a re-open case, because I know the plea was entered, obviously at the time the plea was entered.

I don't know the conversation that was had, so I don't know what the attorney told him or not. I can just tell you that's his main concern with me. I wanted to bring that concern to the Court, that he would request to withdraw the plea at this time, due to the fact that he was not aware that it was a mandatory time case, and that's our main concern.

* * *

THE COURT: All right. And Mr. Waters, is that what you're indicating, you're wishing to withdraw your plea at this time?

THE DEFENDANT: Yes, sir. Just based on the fact -- not disputing the sentence, but the -- I guess the terms around it. I didn't know I wouldn't be able to get none of my good days or go to the halfway house. And I -- do you mind if I state my reasons?

THE COURT: Of course.

THE DEFENDANT: I was in prison once before and I served an 18-month sentence and I was pushed right out of prison. And I believe it set me up for failure. Being pushed right out of prison, not having anywhere to go. So when I found out I wasn't going to be able to go to the halfway house -- I thought I was going to be able to and that's part of the reason I agreed to the two-year sentence.

So like I said, I'm not -- I'm not disputing that or nothing at all. My only concern is, I thought I was going to be able to go and serve the last part of my sentence at the halfway house where I could establish myself before I go back into society and into the community.

And so I'm not quite set up for that same failure and I have a better chance of success. That was my concern behind that and I thought I would have that opportunity going into this. I later found out I would not.

December 20, 2021 Sentencing Transcript (Sentencing Tr.), p. 21-23.

**{¶ 15}** The State opposed the motion, noting that the sentence was agreed to by all parties and that the plea form stated the sentence was mandatory. The trial court then reiterated that the plea form clearly stated that the sentence was mandatory and that Waters knew what he was agreeing to when he made his plea. The trial court also noted that Waters had violated the terms of his bond by cutting off the electronic monitoring device. The trial court denied Waters' motion to withdraw his plea and imposed a sentence consistent with the plea agreement.

{¶ 16} Several of the nine factors listed in *Miller* supported the trial court's decision to deny Waters' motion. First, Waters was represented at the plea hearing by competent counsel and he stated that he was satisfied with his representation by counsel. November 10, 2021 Plea Transcript ("Plea Tr."), p. 13. Second, Waters was given a full Crim.R. 11 hearing before entering his pleas. During the plea colloquy, Waters stated that he understood that he would be receiving a two-year prison sentence and that would be the minimum term he would receive. *Id.* at 7-8. Third, the trial court gave full and fair consideration to the motion, despite it being brought up orally at the last minute before the imposition of sentence. Contrary to Waters' arguments on appeal that the trial court should have held a separate hearing, the trial court permitted both Waters and his new counsel a full opportunity to give the reasons in support of the motion. Fourth, Waters stated orally at the plea hearing and in writing when he signed the plea form that he understood the nature of the charges and possible penalties. Indeed, he conceded at the sentencing hearing that he was fully aware that he was going to receive a two-year sentence. Sentencing Tr., p. 22-23.

{¶ 17} According to Waters, his only misunderstanding was based on his hope that he would be able to serve some latter portion of his sentence in a halfway house rather than in prison. But he did not state what caused this misunderstanding. According to his new counsel, Waters blamed this misunderstanding on his previous counsel. But Waters did not explain at the sentencing hearing what conversations, if any, he had with his previous counsel that caused this misunderstanding. There did not appear to be a need to conduct an additional hearing to allow time for Waters' prior counsel to come and

testify about a potential misunderstanding when Waters himself failed to explain how or when the misunderstanding occurred between him and prior counsel. Further, Waters and his new counsel did not request a separate hearing on the oral motion to withdraw the guilty pleas.

{¶ 18} A few of the nine factors did weigh in favor of granting Waters' motion to withdraw his guilty plea. For example, there was no prejudice to the State. And the motion was made within a reasonable time, although made orally and immediately before the imposition of sentence.

{¶ 19} We conclude that, on balance, the factors weigh in favor of affirming the trial court's decision to deny Waters' motion to withdraw his guilty pleas. Ultimately, this appears to be a case of a change of heart. Even though pre-sentence motions to withdraw pleas are to be "freely and liberally granted," we cannot say that the trial court abused its discretion in this case by denying Waters' motion.

{¶ 20} The assignment of error is overruled.

III. Conclusion

{¶ 21} Having overruled Waters' sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Kirsten Knight
Hon. Gerald Parker