[Cite as *State v. Bush*, 2018-Ohio-5272.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-13 |
| | : | |
| v. | : | Trial Court Case Nos. 2014-CR-12, |
| | : | 2014-CR-19, and 2014-CR-152 |
| ARIEL BUSH | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of December, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

LUCAS W. WILDER Atty. Reg. No. 0074057, P.O. Box 574, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Ariel Bush, appeals from his convictions in Case No. 2014 CR 12, Case No. 2014 CR 19 and Case No. 2014 CR 152, in each of which he pleaded guilty to one or more felonies in lieu of a trial. Raising a single assignment of error, Bush argues that his convictions should be overturned because the trial court abused its discretion by overruling his motions under Crim.R. 32.1 to withdraw his pleas. We find that the trial court did not abuse its discretion by overruling Bush's motions to withdraw, and therefore, his convictions are affirmed.

## I. Facts and Procedural History

{¶ 2} Between October 15, 2013, and March 3, 2014, the Clark County Grand Jury issued indictments against Bush in Case Nos. 2013 CR 718, 2014 CR 12, 2014 CR 19, 2014 CR 83 and 2014 CR 152. The cases were consolidated, and Bush and the State reached a comprehensive plea agreement whereby, on June 3, 2014, Bush pleaded guilty to six offenses. In Case No. 2013 CR 718, Bush pleaded guilty to one count of assault, a first degree misdemeanor pursuant to R.C. 2903.13(A) and (C)(1).[1] In Case No. 2014 CR 12, Bush pleaded guilty to one count of domestic violence, a fourth degree felony pursuant to R.C. 2919.25(A) and (D)(3); and one count of possession of cocaine, a fourth degree felony pursuant to R.C. 2925.11(A) and (C)(4)(b).[2] Additionally, Bush pleaded

---

[1] The State amended the charge as part of its plea agreement with Bush. Originally, the indictment in Case No. 2013 CR 718 charged Bush with one count of domestic violence.

[2] The indictment in Case No. 2014 CR 12 originally charged Bush with possession of cocaine as a third-degree felony pursuant to R.C. 2925.11(C)(4)(c); as part of its plea agreement with Bush, the State amended the charge to a fourth degree felony pursuant to R.C. 2925.11(C)(4)(b). Although Bush was indicted before the 2018 amendments to R.C. 2925.11 became effective, the provisions of R.C. 2925.11(C)(4)(a)-(c) were not changed.

guilty to three counts of violating a protection order—one count in Case No. 2014 CR 12, one count in Case No. 2014 CR 19 and one count in Case No. 2014 CR 152—all of which were fifth degree felonies pursuant to R.C. 2919.27(A)(1) and (B)(3)(c).[3] The State dismissed the indictment in Case No. 2014 CR 83.

{¶ 3} After accepting Bush's pleas, the trial court ordered a presentence investigation and scheduled a sentencing hearing for June 23, 2014. Bush, however, failed to appear, and the court issued a capias. On December 1, 2014, Bush was arrested in Maryland.

{¶ 4} His excursion to Maryland having been curtailed, Bush appeared for sentencing on December 11, 2014. Before the trial court imposed sentence, Bush informed the court that he intended to dismiss his defense counsel, to request the appointment of substitute counsel, and to move to withdraw his pleas.[4] The court received Bush's announcement as an oral motion under Crim.R. 32.1, which it overruled at once. On December 12, 2014, the court filed termination entries in Case Nos. 2013 CR 718, 2014 CR 12, 2014 CR 19 and 2014 CR 152.

---

[3] The indictment against Bush in Case No. 2014 CR 12 included seven counts, four of which the State dismissed as part of its plea agreement with Bush.

[4] At the sentencing hearing held on December 11, 2014, Bush indicated that he sought to withdraw his pleas with respect to three charges in two cases—two charges in Case No. 2014 CR 12, and one charge in Case No. 2014 CR 152. Transcript of Disposition Hearing 8:3-8:18, Dec. 11, 2014. On February 7, 2017, Bush filed a motion to withdraw in each of the four cases in which he entered pleas—Case Nos. 2013 CR 718, 2014 CR 12, 2014 CR 19 and 2014 CR 152. The four motions were identical, and Bush did not specify which plea or pleas he sought to withdraw. In his brief, Bush argues that his "convictions and sentences in 14-CR-12 and 13-CR-718 should be reversed," yet he did not file a notice of appeal in Case No. 2013 CR 718. Appellant's Br. 7.

{¶ 5} Arguing that the trial court abused its discretion by overruling his motions to withdraw without holding a separate hearing, Bush filed untimely notices of appeal on April 14, 2015, accompanied by motions for delayed appeals under App.R. 5(A). We sustained Bush's motions under App.R. 5(A), and in our opinion of August 26, 2016, we reversed the trial court and remanded the cases for a hearing on the motions to withdraw. *See State v. Bush*, 2d Dist. Clark Nos. 2015 CA 39, 2015 CA 40, 2015 CA 41 & 2015 CA 42, 2016-Ohio-5536, ¶ 2.

{¶ 6} On February 7, 2017, Bush filed written motions to withdraw in Case Nos. 2013 CR 718, 2014 CR 12, 2014 CR 19 and 2014 CR 152. The trial court held a hearing as instructed on July 31, 2017, and on November 30, 2017, the court overruled the motions. The court filed corresponding termination entries on December 21, 2017.

{¶ 7} On January 18, 2018, Bush timely filed notices of appeal from his convictions in Case Nos. 2014 CR 12, 2014 CR 19 and 2014 CR 152. He has not appealed from his conviction in Case No. 2013 CR 718.

## II. Analysis

{¶ 8} For his sole assignment of error, Bush contends that:

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING BUSH TO WITHDRAW HIS GUILTY PLEA[.]

{¶ 9} By his own account, Bush "produced testimony and exhibits" at the hearing on July 31, 2017, "demonstrating he was perhaps not guilty and had a complete defense to the charges" against him. Appellant's Br. 6-7. He argues that the trial court abused its discretion by overruling his motions to withdraw because the court thus disregarded not only the foregoing evidence, but also the absence of any evidence "that the [S]tate

would be prejudiced" were the motions sustained. *Id.* at 7.

{¶ 10} A "presentence motion to withdraw a guilty plea should be freely and liberally granted," although "a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). Instead, after conducting a hearing on the motion, the trial court must "determine whether [the defendant] has a reasonable and legitimate basis" for the withdrawal, rather than "[a] mere change of heart." *Id.*; *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988). Some of the factors that a trial court may weigh in considering a presentence motion to withdraw a plea are the following:

> (1) whether the state will be prejudiced * * *, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, [and] (9) whether the accused was perhaps not guilty or had a complete defense to the charge [or charges].

(Citations omitted.) *State v. Cuthbertson*, 139 Ohio App.3d 895, 898-899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Thomas*, 7th Dist. Mahoning Nos. 96 CA 223, 96 CA 225 & 96 CA 226, 1998 WL 934645 (Dec. 17, 1998), and *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995); *see also State v. Askew*, 2d Dist. Montgomery No. 20110, 2005-Ohio-4026, ¶ 10-11, quoting *Cuthbertson* at 898-899.

{¶ 11} Absent "an abuse of discretion on the part of the trial court," its decision on

a presentence motion to withdraw "must be affirmed." *Xie* at 527; *State v. Donaldson*, 2d Dist. Greene No. 06 CA 110, 2007-Ohio-5756, ¶ 6. A "trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 871, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Appellate review under this standard "is deferential and does not permit [the] appellate court to simply substitute its judgment for that of the trial court." *Id.*, citing *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14.

**{¶ 12}** Here, Bush was represented by counsel with considerable experience at his plea hearing on June 3, 2014.[5] The trial court complied fully with Crim.R. 11(C)-(D) before accepting Bush's pleas, verifying among other things that Bush understood the nature of the charges against him and the potential sentences he could receive, and on July 31, 2017, the court held a full hearing on Bush's motions to withdraw. During the latter hearing, Bush availed himself of the opportunity to present testimonial and documentary evidence. Moreover, neither the transcript of the hearing, nor the trial court's decision of November 30, 2017, provides any indication that the court failed to give full and fair consideration to the motions. We find, then, that the second, third, fourth, fifth and eighth factors listed in the Seventh District's *Cuthbertson* opinion support the trial court's decision. *Cuthbertson* at 898-899. We further find that the sixth factor,

---

[5] In its judgment entry overruling Bush's motions to withdraw, the trial court remarked that the attorney who represented Bush at his plea hearing had "more than [30] years of general practice, including defense work in numerous criminal cases." Entry Overruling Defendant's Motions to Withdraw 4, Nov. 30, 2017. The plea hearing had occurred three years earlier, though Bush's defense counsel would still have had 27 or more years of experience at that time.

concerning the timing of Bush's motions, has been rendered irrelevant in light of the procedural history of this case, and we concur with the trial court's finding, regarding the first factor, that the record includes insufficient evidence to determine whether the State would be prejudiced were Bush permitted to withdraw his pleas. *See* Entry Overruling Defendant's Motions to Withdraw 6, Nov. 30, 2017.

**{¶ 13}** The remaining factors—the seventh and the ninth—are functionally interchangeable for purposes of Bush's motions inasmuch as Bush maintains that he wants to withdraw his pleas because he is not guilty of the offenses for which he has been convicted. *Cuthbertson* at 898-899; *see* Appellant's Br. 6-7. At the hearing on July 31, 2017, however, Bush offered testimony and exhibits with respect to only two charges: assault under R.C. 2903.13(A), to which he pleaded guilty in Case No. 2013 CR 718; and domestic violence under R.C. 2919.25(A), to which he pleaded guilty in Case No. 2014 CR 12. Bush has not appealed from his conviction in Case No. 2013 CR 718, meaning the trial court's ruling on Bush's motion in that case is not subject to review.

**{¶ 14}** Regarding his conviction for domestic violence pursuant to R.C. 2919.25(A) in Case No. 2014 CR 12, Bush argues he is not guilty, or has a complete defense to the charge, inasmuch as the record establishes that: (1) the victim was not a member of his family or household; and (2) the victim's statements to police officers and medical personnel were inconsistent. *See* Appellant's Br. 3 and 6-7. These arguments have little merit.

**{¶ 15}** Under R.C. 2919.25(A), "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(F)(1) defines the term "[f]amily or household member," in relevant part, as a "spouse, a person living as a

spouse, or a former spouse of the offender" who resides with "or has resided with the offender." The term "[p]erson living as a spouse" means "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission" of an act of domestic violence. *See* R.C. 2919.25(F)(2).

{¶ 16} Count Two of the indictment in Case No. 2014 CR 12 charged Bush with the commission of domestic violence "on or about December 30, 2013." Although Bush and the victim were not cohabiting on that date and have never been married, the meaning of the term "household member" is not limited "to those who actually share one residential address," but instead, is dependent on a number of "factors [that] are unique to each case," because "the offense of domestic violence, * * *, arises out of the relationship of the parties rather than their exact living circumstances." *See State v. Williams*, 79 Ohio St.3d 459, 462-465, 683 N.E.2d 1126 (1997); *see also State v. McGlothan*, 138 Ohio St.3d 146, 2014-Ohio-85, 4 N.E.3d 1021, ¶ 14 and 16-20. The victim in Case No. 2014 CR 12 testified at a hearing in January 2014—on her request for a civil protection order—that she and Bush had shared a residence, albeit for an unspecified interval, in the previous one to two years, and Bush himself admitted during the hearing on his motions to withdraw on July 31, 2017, that he and the victim had had a sexual relationship.[6] *See* Transcript of Hearing on Motions to Withdraw 29:2-29:25 and Exs. A-B, July 31, 2017. Hence, despite Bush's insistence that he was not guilty of

---

[6] Bush introduced a transcript of the victim's testimony from January 2014 as Exhibit "B" at the hearing on his motions to withdraw on July 31, 2017.

domestic violence in this case because he and the victim were not members of the same household, the record arguably comprises sufficient evidence to establish that Bush and the victim were members of a household for purposes of the domestic violence statute.

{¶ 17} More importantly, Bush has essentially acknowledged that he chose to plead guilty to the charge of domestic violence, a fourth degree felony, in exchange for the State's agreement to dismiss the more serious charge of felonious assault, a second degree felony.[7] Transcript of Hearing on Motions to Withdraw 40:1-41:9; *compare* R.C. 2929.25(A) and (D)(2), *with* R.C. 2903.11(A)(1) and (D)(1)(a); *see also* R.C. 2929.14(A)(2) and (4). Bush accordingly made a rational decision to concede the issue of whether he and the victim were household members in return for a significant reduction in his maximum possible sentence. Thus, even accepting for sake of argument that the record is insufficient to dispose of any doubt that Bush and the victim were members of the same household, we cannot conclude that the trial court abused its discretion when it found that Bush moved to withdraw his plea merely as the result of a change of heart. Furthermore, notwithstanding Bush's contention that the victim gave inconsistent statements to police officers and medical personnel with respect to the date or dates on which he attacked her, the record—including an affidavit submitted by a detective with the Springfield Police Division—corroborates much of the victim's account, particularly the fact that she suffered injuries consistent with her descriptions of Bush's conduct. *See* Appellant's Br. 3 and 6; Transcript of Hearing on Motions to Withdraw, Exs. A and E.

---

[7] Count One of the indictment in Case No. 2014 CR 12 charged Bush with committing felonious assault against the same victim, and on the same date, to which the charge of domestic violence in Count Two referred.

**{¶ 18}** We find for all of the foregoing reasons that the trial court did not abuse its discretion by overruling Bush's motion to withdraw his pleas in Case No. 2014 CR 12. In the absence of any argument or citation to the record regarding the other two cases from which Bush has appealed, we further find that the trial court did not abuse its discretion by overruling Bush's motions to withdraw his pleas in Case Nos. 2014 CR 19 and 2014 CR 152. Bush's assignment of error is overruled.

### III. Conclusion

**{¶ 19}** The trial court conducted a plea colloquy with Bush on June 3, 2014, in compliance with the requirements of Crim.R. 11, and Bush was represented at the time by highly competent counsel. On July 31, 2017, the trial court held a full and impartial hearing on Bush's motions to withdraw, and the court's subsequent decision overruling the motions provides no indication that the court gave them less than full and fair consideration. Therefore, we find that the trial court did not abuse its discretion by overruling Bush's motions to withdraw his pleas in Case Nos. 2014 CR 12, 2014 CR 19 and 2014 CR 152, and his convictions are affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Andrew P. Pickering
Lucas W. Wilder
Hon. Richard J. O'Neill