**[Cite as *State v. Betts*, 2019-Ohio-5008.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-579 |
| | : | |
| JAMICAL BETTS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEAL, Atty. Reg. No. 0078510, 2541 Shiloh Springs Road, Dayton, Ohio 45426
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Jamical Betts pled guilty in the Clark County Court of Common Pleas to aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification. After denying Betts's presentence motion to withdraw his plea, the trial court sentenced him to three years for the aggravated robbery, to be served consecutively to an additional mandatory three years for the firearm specification.

{¶ 2} Betts appeals from his conviction, challenging the denial of his motion to withdraw his plea. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 3} According to the bill of particulars, on August 14, 2018, Betts and Cameron Redd, Betts's co-defendant, entered a Rite Aid Pharmacy in New Carlisle and told the pharmacist that they had a firearm. Betts gave the pharmacist a handwritten note that read, "This is an armed Robbery!! Place these Items in a bag. Any sudden movement or sounds I will shoot you!!!" (Sic.) The note itemized the types of drugs that they wanted. The note concluded, "Put at least 10-15 bottles in the Bag or I will shoot!! These items belong to the government don't die for them!!" (Sic.) Betts and Redd fled from the store with 300 Oxycodone/acetaminophen tablets (10/325 mg), 211 Oxycodone tablets (5 mg), 100 Oxycodone/acetaminophen tablets (7.5/325 mg), and 141 Oxycodone/acetaminophen tablets (5/325 mg). Analysis of the letter revealed fingerprints from Betts and Redd.

{¶ 4} The police arrested Betts and Redd on August 17, 2018, after they fled from the robbery of a Rite Aid Pharmacy in Middletown. Betts and Redd had used a similar letter to the one used in the New Carlisle robbery. The police also found directions to

the New Carlisle Rite Aid from August 14 on Redd's cell phone.

{¶ 5} Soon thereafter, a grand jury indicted Betts and Redd on nine charges stemming from the New Carlisle robbery: aggravated robbery (Count 1), aggravated trafficking in drugs (Counts 2, 4, 6 and 8), and aggravated possession of drugs (Counts 3, 5, 7, and 9). Each of the charges included a firearm specification.

{¶ 6} On November 27, 2018, Betts pled guilty to aggravated robbery (Count 1) with the firearm specification. In exchange for the plea, the State agreed to dismiss the remaining eight counts. The parties also agreed to a presentence investigation. The plea form indicated that Betts faced a maximum of 11 years in prison, none of which was mandatory, as well as three years in prison for the firearm specification, of which all three years were mandatory.

{¶ 7} At the plea hearing, the trial court reviewed with Betts the terms of the plea agreement, whether Betts had discussed the case with his attorney, the possible maximum sentence that Betts faced and other consequences of his plea, the nature of the charges, the effect of a guilty plea, and the constitutional rights Betts would be waiving. Betts expressed that he wanted to plead guilty to "aggravated robbery, a felony of the first degree, with a three-year firearm specification," and the court found that his plea was knowingly, intelligently, and voluntarily made. The court scheduled sentencing for December 18, 2018.

{¶ 8} Prior to sentencing, Betts obtained new counsel, who filed a motion to withdraw the plea on Betts's behalf. Counsel wrote that Betts "seemed unaware of the ramifications of the 'gun spec' nor knew the maximum sentence that he could be sentenced" and that Betts indicated that he (Betts) had had limited communication with

his prior counsel.

{¶ 9} The trial court continued Betts's sentencing and conducted a hearing on the motion on January 3, 2019; no testimony was offered. At the hearing, defense counsel argued that Betts seemed to lack an understanding of the firearm specification, that Betts was 19 years old with no prior record, and that the motion to withdraw the plea was filed 11 days before sentencing. Counsel argued that the case for Betts's co-defendant was still pending when the motion was filed, and the State would not be prejudiced by the withdrawal of Betts's plea. Finally, counsel argued that Betts had a possible defense to the gun specification, because while Betts arguably indicated that he had a gun, there was no indication that Betts actually "had a firearm on or about the offender's person or under the offender's control." Defense counsel noted that Betts was being investigated for two similar robberies in Middletown and Greene County; those cases also involved a note stating that he had a gun, but no gun was brandished or seen and no gun was found when Betts and Redd (the co-defendant) were apprehended after the Middletown robbery. Counsel noted that Redd's plea agreement included the dismissal of the firearm specification, and counsel questioned whether "the State even believes that the defendant had a firearm on his person that day."

{¶ 10} The State responded that Betts's motion to withdraw his plea reflected a change of heart. The State emphasized that Betts was fully informed of the possible maximum sentence, including that the firearm specification involved a mandatory three-year sentence.

{¶ 11} The trial court orally denied Betts's motion. It dismissed defense counsel's argument regarding the prosecutor's personal opinion regarding Betts's possession of a

firearm, noting that the defense could not argue the prosecutor's personal opinion at trial. Reviewing factors related to whether Betts's plea should be withdrawn, the court noted that Betts had been represented by highly competent counsel and that there had been a full and complete Crim.R. 11 hearing, during which the court reviewed with Betts his age, education, whether he was under the influence of drugs or alcohol, whether he had discussed the case with his attorney and was satisfied with the advice and representation received, whether he had read and understood the plea form, the possible maximum sentences, and whether any promises or threats had been made. The court noted that the motion had been made within a reasonable time, but the offered reasons for the withdrawal were refuted by the record of the plea hearing. The court stated that it believed Betts had understood the nature of the charges and the possible penalties.

{¶ 12} As to whether Betts was possibly not guilty of or had a complete defense to the firearm specification, the court stated:

> As to whether or not the defendant has a complete defense to these charges, again, the most I've heard today is, well, it seems to be comparable to other charges that the defendant may be involved in other offenses; and there may not be a lot of evidence as to his actual possession of a firearm in those other cases. I'm not here to judge the defense of other cases; but I've not heard anything that would be presented to this Court that could be any more of a defense than he would have had to begin with.

The court denied Betts's motion, concluding, "I don't see evidence before me today that this is more than a change of heart." The trial court filed a written entry consistent with its oral pronouncement.

{¶ 13} The court subsequently sentenced Betts to three years in prison for the aggravated robbery and an additional three years for the firearm specification. Betts appeals, raising one assignment of error.

## II. Presentence Motion to Withdraw Plea

{¶ 14} In his sole assignment of error, Betts claims that the trial court erred in denying his presentence motion to withdraw his guilty plea.

{¶ 15} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Under Crim.R. 32.1, a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 16} Even before sentencing, "the right to withdraw a plea is not absolute and a trial court retains discretion to overrule a pre-sentence plea-withdrawal motion." *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 7. After conducting a hearing on such a motion, "the trial court must 'determine whether [the defendant] has a reasonable and legitimate basis' for the withdrawal, rather than '[a] mere change of heart.' " *State v. Bush*, 2d Dist. Clark No. 2018-CA-13, 2018-Ohio-5272, ¶ 10, quoting *Xie* at 527.

{¶ 17} In reviewing a trial court's decision on a defendant's motion to withdraw his or her plea filed before sentencing, we apply the following nine factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was

held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea. *E.g., State v. Becraft*, 2017-Ohio-1464, 89 N.E.3d 218 (2d Dist.); *State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29.

{¶ 18} "In considering these factors, the trial court employs a balancing test; no single factor is dispositive." *Warrix* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie* at 527. A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his or her plea. *State v. Maddickes*, 2d Dist. Clark No. 2013 CA 7, 2013-Ohio-4510, ¶ 15. However, in considering whether to allow withdrawal of the plea, it is not simply sufficient for the trial court to find that the Crim.R. 11 colloquy satisfied the requirements of that Rule and the United States and Ohio Constitutions; if it were, even a presentence plea could never be withdrawn. *Id.*

{¶ 19} It is within the sound discretion of the trial court to grant or deny a motion to withdraw a plea. *Xie* at 526. We will not reverse a trial court's decision to deny a motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.* at 527, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 20} The record reflects that Betts was represented by competent counsel at his

plea hearing and that the trial court complied with the requirements of Crim.R. 11 for the aggravated robbery offense and firearm specification to which he pled.   Betts filed his motion on December 7, 2017, ten days after the plea hearing and 11 days prior to the scheduled sentencing hearing.   Betts received a hearing on his motion to withdraw his plea (although he chose not to call any witnesses), and the trial court gave full and fair consideration of the motion at the January 3, 2019 hearing.   The prosecutor did not argue that the State would be prejudiced by the withdrawal of Betts's plea, but it claimed that Betts was not entitled to withdraw his plea because he simply had a change of heart.

{¶ 21} Betts asserted in his motion that he did not understand the nature of the firearm specification.   Betts's plea form, which Betts indicated that he had read and understood, stated that the firearm specification had a maximum penalty of three years in prison, all of which were mandatory.   When discussing the potential maximum penalties at the plea hearing, the trial court informed Betts that "the firearm specification requires three years of prison time which must be served prior to and consecutively to the maximum 11-year sentence, if you get the maximum.   Now, that would be a total maximum penalty of 14 years in prison with a $20,000 fine, restitution, and costs; and prison would be mandatory."   Betts expressed that he understood.

{¶ 22} In denying the motion to withdraw the plea, the trial court concluded that Betts understood the possible penalty for the firearm specification, including the fact that the sentence would be mandatory and served consecutively.   Although the plea form did not indicate that the firearm specification was required to be served consecutively, the record supports the trial court's conclusion that Betts understood that the firearm specification involved a mandatory three-year sentence, to be served consecutively to the

sentence for the aggravated robbery.

{¶ 23} Betts further claimed at the hearing that he was "perhaps not guilty or had a complete defense" to the firearm specification. R.C. 2941.145 permits the imposition of a mandatory three-year prison term where the indictment specifies "that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offenses."

{¶ 24} "Both a firearm's existence and its operability may be inferred from the surrounding facts and circumstances. It is not necessary to admit the firearm used during the crime in evidence in order to establish a firearm specification. A victim's belief that the weapon is a gun, together with the intent on the part of the accused to create and exploit that belief for his own criminal purposes, is sufficient to prove a firearm specification." (Citations omitted.) *State v. Vann*, 2d Dist. Montgomery No. 22818, 2009-Ohio-5308, ¶ 27; *see also State v. Coleman*, 2d Dist. Montgomery No. 27702, 2018-Ohio-2214, ¶ 26.

{¶ 25} We have commented that "it is not necessary that the defendant had actually displayed the weapon in order to establish that he had possessed one." *State v. Knight*, 2d Dist. Greene No. 2003 CA 14, 2004-Ohio-1941, ¶ 17. We further noted that "there may be circumstances where the defendant's conduct alone makes clear that he holds a hidden weapon and that he could use it if the victim fails to comply with his instructions. *Id.* at ¶ 19. In *Knight*, we upheld that jury's determination that the defendant had a firearm based on the store clerk's testimony that the defendant approached the clerk with his hands in his pockets and the right hand was "out" compared

to the other hand, causing the clerk to believe that he had a gun.

{¶ 26} Similar to this case, in *State v. Haskins*, 6th Dist. Erie No. E-1-016, 2003-Ohio-70, the defendant threatened a gas station attendant by saying, "Are you going to give me the money or do I have to pull this pistol out of my pocket?" Although no gun was seen, the clerk immediately put up her hands, fearing that the defendant had one. The Sixth Circuit court concluded that there was sufficient evidence to support the conclusion that the defendant had a firearm for purposes of both the aggravated robbery statute and the firearm specification.

{¶ 27} While there indeed would have been a jury question as to whether Betts had an operable firearm under his control, the record does not support a conclusion that Betts had a complete defense to the firearm specification attached to the aggravated robbery charge. The trial court reasonably found that "[t]here was no evidence presented at the motion hearing by which the Court could infer the defendant had a complete defense to the charge * * *." Whether to accept a plea to aggravated robbery with the firearm specification was a decision that Betts and his counsel had to make, especially in light of the facts known only to them and the entire plea agreement.

{¶ 28} The record of the plea hearing reflects that Betts's knowingly, intelligently, and voluntarily pled to aggravated robbery and the firearm specification. Although another court might have exercised its discretion differently, upon consideration of the nine factors relevant to Betts's motion to withdraw his plea, the trial court here did not abuse its discretion in denying Betts's motion to withdraw his guilty plea.

{¶ 29} Betts's assignment of error is overruled.

### III. Conclusion

**{¶ 30}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

John M. Lintz
Christopher A. Deal
Hon. Richard J. O'Neill